# Ballard Spahr
LLP

———————————————
919 North Market Street, 11th Floor
Wilmington, DE 19801-3034
TEL 302.252.4465
FAX 302.252.4466
www.ballardspahr.com

Tobey M. Daluz
Tel: 302.252.4440
Fax: 302.300.4050
daluzt@ballardspahr.com

August 13, 2025

*Via ECF Filing*

Hon. Mia Roberts Perez
6614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re: ***Chester Water Authority v. City of Chester, Pa. (In re City of Chester, Pa.)***
   **No. 25-1114**

Dear Judge Perez:

      I write on behalf of Appellee City of Chester, Pennsylvania (the "City") to briefly respond to the letter (the "Letter") submitted on behalf of Appellant Chester Water Authority ("CWA") on August 7, 2025 [ECF 40].

      The Letter was filed under the pretense that this Court asked a question during the July 23, 2025 status conference that remained unanswered at the conclusion of that hearing. The Court asked: "if the motion to certify is . . . granted . . . wouldn't that moot out the motion to dismiss?" 7/23/25 Hrg. Tr. at 12:1-2. Counsel for both parties had an opportunity to address that question and did so at length. *Id.* at 12:3-17:7. The Court did not ask the parties to submit letters providing a further response to the question asked and answered during the status conference.

      Much like the Letter, CWA filed this appeal under false pretenses, asserting that an order of the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") enforcing and interpreting the automatic stay under 11 U.S.C. § 362(a)(3) [*see* Bk. Dkt. No. 713] (the "Order") is an order imposing a preliminary injunction subject to appeal under 28 U.S.C. § 1292(a)(1). The City explained, at length, why CWA's assertion is wrong as a matter of both law and fact. *See* ECF 25 at 3-8. Furthermore, the Order is interlocutory on its face, with the Bankruptcy Court clearly indicating that there would be a final hearing on the City's motion to enforce the automatic stay (which has yet to occur). *See* ECF 7 at 6-7.

      Finally, the First Amendment right that CWA claims is being violated by the Order is the First Amendment right to free speech. *See* ECF 13 at 48-51. The City has established, beyond cavil, that CWA does not have First Amendment free speech rights as a municipal authority. *See*

ECF 7 at ¶¶ 53-55; ECF 31 at 37-40.  Not only does the Order not impose a preliminary injunction, but it is also not impeding a right of CWA that actually exists.

CWA's interlocutory appeal should be dismissed, as requested by the City.

Respectfully submitted,

*/s/ Tobey M. Daluz*

Tobey M. Daluz